UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

BROOK GRZELAK                                                                                    PLAINTIFF

v.                                                             CIVIL ACTION NO. 5:16-CV-P125-TBR

THOR CATALOGNE *et al.*                                                                DEFENDANTS

### MEMORANDUM OPINION

Plaintiff Brook Grzelak,[1] a prisoner presently incarcerated in the Carson City Correctional Facility in Carson City, Michigan, filed a *pro se* complaint under 42 U.S.C. § 1983. This matter is before the Court for initial review of the complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).  For the reasons that follow, the Court will dismiss this action.

### I. SUMMARY OF CLAIMS

Plaintiff identifies the following four Defendants in this action:  (1) Thor Catalogne, President of Prisoner Transport Services (PTS); (2) "Currently Unknown," Vice President of PTS; (3) Coleman, a driver for PTS; and (4) Carpenter, also a driver for PTS.

Plaintiff states that on January 20, 2016, he was picked up from the Waupaca County Jail in Waupaca, Wisconsin, for transport to the Saginaw Correctional Facility in Freeland, Michigan.  According to Plaintiff, after a stop at the Mississippi County Jail in Missouri, the inmates in the transport van were told by Defendant Coleman that they would be hitting bad weather by the time they arrived in Kentucky and, "although [Coleman] had received authorization to wait out the bad weather at a County Jail, he was not going to stop."  Plaintiff

---

[1] Plaintiff Grzelak originally brought this action on behalf of himself and seven other prisoners who did not sign the complaint or provide their addresses to the Court.  By Order (DN 9) entered August 17, 2016, this Court dismissed all of the Plaintiffs except Plaintiff Grzelak from this action.

states that Defendant Coleman bragged about his driving skills, about the fact that he does not stop in bad weather, and about how he had previously driven in a blizzard and arrived safely at his destination.

According to Plaintiff, Defendant Carpenter was driving when the van was nearing Kentucky. Plaintiff states that Defendant Carpenter asked Defendant Coleman when he would take over. According to Plaintiff, Defendant Coleman stated that he needed more rest, and he told the prisoners to be quiet and to be prepared in case they had to "hit the ditch." Plaintiff states that as the van entered Ballard County, Defendant Carpenter "lost control of the van on the icy road and crashed into the ditch." Plaintiff states that he "felt the crash coming so he dropped down between the bench seats and braced for the crash." Plaintiff states that he was not injured, although some other inmates sustained "minor injuries," and a pregnant inmate suffered a dislocated shoulder. Plaintiff states that they were all taken to the "Jenni Stewart Medical Center" in Hopkinsville, Kentucky, where they were looked at by medical staff. Those who were injured were treated.

According to Plaintiff, the van in which he was being transported had been "revamped" to carry 14 passengers and did not have seat belts for each passenger in violation of "Kentucky Seatbelt law." Plaintiff contends that transporting the inmates "without any safety restraints was a clear violation of state laws as well as an equal rights violation upon all plaintiffs because all plaintiffs were deprived of their rights to be safe as a passenger on the highways in like-manner of all other passengers on said highways." Plaintiff further contends that he was "discriminated against because when police and federal personnel transport prisoners, seatbelts are manatory." Plaintiff contends that he was "placed in an unreasonable situation." He asserts that Defendants subjected him to "unreasonable safety hazards" and "disregard[ed] the risk of harm of which

they clearly knew exist[ed]." Thus, Plaintiff states Defendants are "liable under the standard of 'Deliberate Indifference.'" As relief, Plaintiff seeks monetary damages, injunctive relief in the form of "order[ing] all plaintiffs to never be subjected to the services of PTS in the future," and "Ancillary Awards (amount to be determined)."

## II. STANDARD OF REVIEW

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A.[2] Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d at 608.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009)

---

[2] In the present case, the Court need not determine whether or not Plaintiff may bring a § 1983 action against a private prisoner transportation corporation or its employees for allegedly unconstitutional actions taken against him because Plaintiff has not alleged facts stating any actionable § 1983 claim.

(citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d at 488 (quoting *Columbia Nat. Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). The court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

#### A. *Eighth Amendment Claim*

The Eighth Amendment's Cruel and Unusual Punishments Clause requires prison officials to ensure the "reasonable safety" of inmates. *See Farmer v. Brennan*, 511 U.S. 825, 822 (1994). An Eighth Amendment claim consists of both an objective and subjective component. *Flanory v. Bonn*, 604 F.3d 249, 253 (6th Cir. 2010). The objective component requires that the deprivation alleged must be sufficiently serious and pose a substantial risk of serious harm. *Farmer v. Brennan*, 511 U.S. at 834. This component is contextually driven and is responsive to "contemporary standards of decency." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992). The subjective component requires that the official's state of mind is one of deliberate indifference to the inmate's safety. *Farmer v. Brennan*, 511 U.S. at 834. "[D]eliberate indifference is a difficult standard to meet." *Spencer v. Knapheide Truck Equip. Co.*, 183 F.3d 902, 906 (8th Cir. 1999).

With regard to Plaintiff's claims concerning unsafe transportation, failure to transport inmates without seatbelts, does not, standing alone, violate the Cruel and Unusual Punishments Clause. *See Jabbar v. Fischer*, 683 F.3d 54, 57-58 (2d Cir. 2012) (holding that the failure of prison officials to provide inmates with seatbelts does not, without more, violate the Eighth or Fourteenth Amendments); *Spencer v. Knapheide Truck Equip. Co.*, 183 F.3d at 906 (finding that placement of pretrial detainee in a van without a seatbelt does not implicate the Eighth Amendment where the driver otherwise was cautious and auto accident was not the driver's fault). More specifically, a failure to provide seatbelts does not, by itself, constitute a substantial risk of serious harm rising to the level of a constitutional violation. *Id.*; *Smith v. Sec'y for the Dep't of Corrs.*, 252 F. App'x 301, 303-04 (11th Cir. 2007) (finding that failure to fasten an inmate's seatbelt in converted utility van does not constitute a substantial risk of serious harm); *Dexter v. Ford Motor Co.*, 92 F. App'x 637, 643 (10th Cir. 2004) (holding that "failure to seatbelt an inmate does not violate the Constitution"); *Walls v. Kaho*, No. 5:06cv188-MTP, 2009 WL 901917, at *2 (S.D. Miss. Mar. 31, 2009) (finding that a policy of refusing to seatbelt inmates during transport does not give rise to a cognizable constitutional claim); *Ingram v. Herrington*, No. 4:06-CV-P65-M, 2007 WL 2815965, at *5 (W.D. Ky. Sep. 26, 2007) (stating that failure to seatbelt prisoner does not constitute constitutional violation); *Young v. Dep't of Corrs.*, No. 04-10309, 2007 WL 2214520, at *6 (E.D. Mich. Jul. 27, 2007) (finding that refusing to seatbelt shackled prisoner does not constitute an excessive risk to the inmate's health or safety); *Mojet v. Transp. Driver*, No. 1:06-CV-321 TS, 2006 WL 3392944, at *2 (N.D. Ind. Nov. 22, 2006) (finding that transporting inmates in vehicles without seatbelts does not meet deliberate indifference standard).

Plaintiff does not allege that the van's driver drove recklessly or that he was injured in any way. He does appear to contend that Defendants Carpenter and Coleman should have waited and not driven through the bad weather. Many people choose to drive in winter weather conditions. Defendant Coleman had driven in winter weather in the past without problem . Defendants Carpenter and Coleman's choice to continue driving through winter weather does not rise to the level of deliberate indifference needed to make out a constitutional violation.

Further, the Sixth Circuit has repeatedly found Eighth Amendment claims for monetary relief precluded by 42 U.S.C. § 1997e(e) absent a showing of physical injury. *See Jennings v. Weberg*, No. 2:06-CV-235, 2007 WL 80875, at *3 (W.D. Mich. Jan. 8, 2007) (collecting cases). The physical injury need not be significant, but it must be more than *de minimis* for an Eighth Amendment claim to proceed. *See Adams v. Rockafellow*, 66 F. App'x 584, 586 (6th Cir. 2003) (citing *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997)). In his complaint, Plaintiff specifically states that he was not injured when the van "crashed into the ditch." Having failed to sustain any physical injury from the van crash, it appears that Plaintiff is seeking damages for some sort of emotional or mental injury which would be precluded by 42 U.S.C. § 1997e(e).

Accordingly, Plaintiff's Eighth Amendment claim against Defendants will be dismissed for failure to state a claim upon which relief can be granted.

### B. Equal Protection Claim

Plaintiff alleges that he was denied equal protection of the law because he was transported in a van without seat belts which was a violation of state law and deprived him of his right "to be safe as a passenger on the highways in like-manner of all other passengers on said highways." Furthermore, Plaintiff alleges that he was discriminated against because he was "deprived of safety from injury of which other prisoners similarly situated, enjoy."

The Equal Protection Clause of the Fourteenth Amendment provides that a state may not "deny to any person within its jurisdiction the equal protection of the laws," which essentially means that all persons similarly situated should be treated alike. U.S. Const., amend. XIV; *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). A claim that the plaintiff was treated one way and everyone else was treated another way, by itself, is insufficient to state an equal protection claim. *Newell v. Brown*, 981 F.2d 880, 887 (6th Cir. 1992). "'To state a claim under the Equal Protection Clause, a § 1983 plaintiff must allege that a state actor intentionally discriminated against the plaintiff because of membership in a protected class.'" *Henry v. Metro. Sewer Dist.*, 922 F.2d 332, 341 (6th Cir. 1990) (quoting *Johnson v. Morel*, 876 F.2d 477, 479 (5th Cir. 1989) (en banc)); *see also Wagner v. Higgins*, 754 F.2d 186, 194 (6th Cir. 1985) (Conte, J., concurring) (stating that the plaintiff must show that the law was applied differently to him because of his race, gender, age, or some other improper classification in order to make out an equal protection claim); *Newell v. Brown*, 981 F.2d at 887 (stating that to make out a violation of his equal protection rights, plaintiff would have to "show that he was victimized because of some suspect classification, which is an essential element of an equal protection claim") (quotations and citation omitted); *Searcy v. Gardner*, 3:07-0361, 2008 WL 400424, at *4 (M.D. Tenn. Feb. 11, 2008) ("A prison inmate cannot support a claim that his equal protection rights were violated simply by showing that other inmates were treated differently. He must establish that a government official intentionally discriminated against him because of his membership in a protected class.").

Plaintiff fails to establish an equal protection violation because he has not shown that he is a member of a protected class or that he was purposefully discriminated against. Accordingly, Plaintiff's equal protection claim fails to state a claim, and it will be dismissed.

### *C. Violations of State Statutes*

In his complaint, Plaintiff alleges that Defendants violated Ky. Rev. Stat. § 189.125 by not providing seatbelts in the van in which he was being transported. Violations of state statutes are not actionable under § 1983. *See Harrill v. Blount Cty., Tenn.*, 55 F.3d 1123, 1125 (6th Cir. 1995) ("The violation of a right created and recognized only under state law is not actionable under § 1983."); *Williams v. Van Buren Twp.*, 925 F. Supp. 1231, 1237 (E.D. Mich. 1996) ("Obviously, 42 U.S.C. § 1983 does not provide a cause of action against a state official for a violation of state law.").

Accordingly, the § 1983 claims alleging a violation of a Kentucky statute will be dismissed for failure to state a claim.

Further, under 28 U.S.C. § 1367(c), "[t]he district courts may decline to exercise supplemental jurisdiction over a claim. . . if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Because the Court will dismiss the federal claims over which it has original jurisdiction, it will decline to exercise supplemental jurisdiction over the state-law claims and dismiss them without prejudice. *See Runkle v. Fleming*, 435 F. App'x 483, 486 (6th Cir. 2011) ("[W]hen, as here, 'all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims.'") (quoting *Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1254-55 (6th Cir. 1996)).

## IV.  CONCLUSION

For the reasons stated above, the Court will enter a separate Order dismissing this action.

Date:

cc: Plaintiff, *pro se*
    Defendants
4413.003